**Ding Hong PAN, Petitioner,**

v.

**Alberto GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 04–5178–ag.**

United States Court of Appeals, Second Circuit.

May 8, 2006.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Peter D. Lobel, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Southern District of Texas, Daniel David Hu, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Ding Hong Pan, a native and citizen of the People's Republic of China, petitions through counsel for review of the portion of a BIA decision affirming an immigration judge's ("IJ's") denial of his asylum claim. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a short opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's opinion as modified by the BIA. *Ming Xia Chen v. Board of Immigration Appeals*, 435 F.3d 141, 144 (2d Cir.2006). Because the BIA did not adopt the IJ's adverse credibility determination, we do not review that factual finding, and instead examine only the BIA's determination that Pan "has not met his burden of proof and persuasion in establishing that he qualifies as a 'refugee' under [the INA]."

Substantial evidence supports the BIA's conclusion that Pan failed to meet his burden of proof to establish eligibility for relief. Pan's testimony that he and his wife were sought by the family planning officials due to the pre-marital conception of their first child, but that they were never arrested, detained or subjected to any involuntary procedure, does not state a claim for past persecution. Moreover, because, as the BIA found, Pan's testimony was "lacking in any specificity or detail as to the alleged threats of sterilization by the family planning officials," Pan also did not satisfy his burden to show that he fears future persecution if he is returned to China and that this fear is well-founded.

For the foregoing reasons, we hereby **DENY** Pan's petition for review. Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DENIED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).